send

Freeplay Music Corp v. X-Cast Entertainment LLC et al Doc. 3

FILED
CLERK, U.S. DISTRICT COURT
AUG - 7 2007
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Freeplay Music Corp<br><br>Plaintiff(s),<br><br>v.<br><br>X-Cast Entertainment LLC et al<br><br>Defendant(s). | CV-07-4813-R<br><br>NOTICE TO COUNSEL |

This case has been assigned to the calendar of Judge Manuel L. Real.

Counsel are advised that the Court expects strict compliance with the provisions of the Local Rules and the Federal Rules of Civil Procedure. NONCOMPLIANCE MAY LEAD TO THE IMPOSITION OF SANCTIONS WHICH MAY INCLUDE THE STRIKING OF PLEADINGS AND ENTRY OF JUDGMENT OR DISMISSAL OF THE ACTION.

The attention of counsel is particularly directed to Local Rule 16. Counsel should also be guided by the following special requirements when litigating cases assigned to Judge Real:

1. INTERROGATORIES: See Local Rules.

2. MOTIONS: Motions shall be heard on the first and third

DOCKETED ON CM
AUG - 8 2007
BY Bg 010

(3)

Dockets.Justia.com

Monday of each month at 10:00 A.M., unless otherwise ordered by the Court. If the Monday is a national holiday, the succeeding Tuesday shall be the motion day.

3. EX PARTE APPLICATIONS: No hearing will be held unless deemed necessary by the Court; if the Court requires a hearing, the clerk will contact the parties and inform them of the date and time. In the moving papers' declaration of notification, the declarant shall state whether or not the application is opposed; if opposed, the declarant shall state that the opposing party was informed that the opposing party has twenty-four (24) hours from receipt of the papers to file its opposition. The matter will then stand submitted.

4. CONTINUANCES: Counsel requesting a continuance must submit a stipulation with a detailed declaration as to the reason for the requested continuance or extension of time, together with a proposed order. Stipulations, including those for second and subsequent extensions of time to respond to the complaint, are effective ONLY when approved by this Court. Any stipulation not in compliance with this order or the Local Rules will automatically be denied without further notice to the parties.

5. CONFORMED COPIES: Parties will receive conformed copies of filed documents only if extra copies and self-addressed stamped envelopes are submitted along with their lodged documents, or if they have signed up for the optical scanning program.

6. REMOVED ACTIONS: Any answers filed in state court must be refiled in this Court as a supplement to the petition. Any pending motions must be renoticed in accordance with Local Rule 7.

7. WAIVED LOCAL RULES: (Local Rule 16-14.1): settlement conferences are NOT mandatory; if the parties mutually agree to the holding of a settlement conference, they shall contact the clerk. (Local Rule 7-3): parties are NOT obligated to meet and confer, or file a declaration in connection thereto, for the purposes of preparing and filing dispositive motions (to dismiss, summary judgment, etc).

8. FEDERAL RULE 26(f): This Court requires the following, and counsel are ORDERED to follow this outline: 30 days after the first answering defendant files a response to the complaint, the parties shall hold an early meeting, in person, for the purpose of making initial disclosures. Plaintiff's counsel shall have the duty of scheduling the meeting. The parties shall then file a Joint Report of Early Meeting within 14 days of the holding of the Early Meeting of Counsel. Counsel are informed that approximately 30 days after receipt of the Joint Report, this Court shall issue an Order setting the dates of the Final Pre-Trial Conference, and the Trial of the action.

This Court shall not set a "scheduling conference" or issue a "scheduling order" other than as set out previously in this section.

9. NOTICE OF THIS ORDER: Counsel for plaintiff, or plaintiff, if appearing on his or her own behalf, is responsible for promptly serving this notice on defendant's counsel, and filing a proof of service with the notice attached as an exhibit with the Court. If this case came to the Court via a Noticed Removal, this burden falls to the removing defendant.

AUG - 7 2007

Date

MANUEL L. REAL
U. S. DISTRICT JUDGE