```
LEE A. GARRY
  SBN: 36833
Sherman Oaks Atrium, Suite 402
  15315 Magnolia Boulevard
Sherman Oaks, California 91403
  Telephone: (818) 986-6575
  Facsimile:  (818) 907-5064

Attorney for Defendants,
X-CAST ENTERTAINMENT, LLC and
X-CAST ENTERTAINMENT N.V.
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREEPLAY MUSIC CORP., a New York corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>X-CAST ENTERTAINMENT, LLC, a California limited liability company; X-CAST ENTERTAINMENT, N.V. a Dutch company<br><br>            Defendants. | Case No.:   CV07-04813R (AGRx)<br><br>**STIPULATION FOR JUDGMENT PURSUANT TO ACCEPTANCE OF RULE 68 OFFER** |

IT IS HEREBY STIPULATED by and between Plaintiff, FREEPLAY MUSIC CORP., a New York corporation (hereinafter "FREEPLAY"), on the one hand, and defendants, X-CAST ENTERTAINMENT, INC., a corporation, and X-CAST ENTERTAINMENT, N.V. a foreign entity (hereinafter jointly, severally and collectively "X-CAST") with the approval and consent of their respective attorneys, that:

1. Subject to the provisions of paragraph 2, below, Judgment shall be entered in favor of FREEPLAY and against defendants X-CAST, and each of them, in the total amount of Three Thousand Five Hundred Dollars ($3,500.00), inclusive of attorneys fees and costs (hereinafter the "Judgment"). The form of Judgment to be entered has been approved by the parties hereto and a copy is attached hereto as **EXHIBIT "1"**.

2. X-CAST agrees to pay to FREEPLAY, and FREEPLAY agrees to accept from X-CAST, in full and complete satisfaction of the Judgment the total sum of Three Thousand Five Hundred Dollars ($3,500.00) (hereinafter "Settlement Payment"), without interest, payable on or before January 14, 2008, time being of the essence.

3. If X-CAST shall timely pay the Settlement Payment as hereinafter provided, FREEPLAY shall not file this Stipulation nor enter Judgment thereon unless it should be necessary to file said Stipulation in order to comply with a rule of court or a court order, in which event it may be filed.

4. Upon execution of this Stipulation FREEPLAY's attorney shall cause to be filed a Notice of Settlement or otherwise advise the court in which this matter is pending of the settlement, which notice shall recite the payment period necessary to complete the performance of the terms of this Stipulation. If X-CAST shall pay the Settlement Payment, as set forth in paragraph 2, above, in a timely fashion and in the manner specified in paragraph 6, below, FREEPLAY shall immediately thereafter cause to be filed with the court and served on all parties a dismissal with prejudice of the pending action.

5. Should X-CAST fail to pay the Settlement Payment in accordance with the terms herein on or before its due date FREEPLAY at its option, may declare the entire amount of the Judgment immediately due and payable, less the amount of payment(s) previously made, if any. Upon making such election FREEPLAY's counsel may cause the Judgment attached hereto as **EXHIBIT "1"** to be entered and enforced as provided by law without any further notice to X-CAST. Said judgment may be entered on the declaration of plaintiff's counsel to the effect that payment hereunder has not been received as of the time of entry of such judgment. Judgment may be entered pursuant to this Stipulation or upon motion or pursuant to other applicable law.

6. X-CAST shall cause the Settlement Payment to be made in the form of a check, cashier's check, or money order made payable to "FREEPLAY MUSIC CORP. and its attorneys, PICK & BOYDSTON, LLP", unless and until otherwise instructed, and delivered to PICK & BOYDSTON, LLP., 1000 Wilshire Blvd., Suite 600, Los Angeles, CA 90017, Attention Erik S. Syverson" so it is received on or before January 14, 2008.

2

**Stipulation for Judgment**

7. All notices and confirmations, of any kind whatsoever, required to be given herein shall be served by mail or via facsimile as follows:

    a.    To X-CAST Attention: Lee A. Garry, Esq., 15315 Magnolia Boulevard, Suite 402, Sherman Oaks, CA 91403; facsimile number (818) 907-5064.

    b.    To FREEPLAY, PICK & BOYDSTON, LLP, Attention Erik S. Syverson, Esq., 1000 Wilshire Blvd., Suite 600, Los Angeles, CA 90017; facsimile number (213) 624-9073.

The foregoing facsimile numbers shall remain in effect throughout the pendency of this Action unless otherwise changed by written notice delivered by either party to the other at the foregoing addresses.

8. Findings of Fact and Conclusions of Law, and a Statement of Intended Decision shall be, and hereby are, waived and the Judgment to be entered pursuant to this Stipulation shall be final for all purposes upon entry thereof; and, each party waives any right to appeal therefrom.

9. The parties hereto stipulate to the continuing jurisdiction of the above-entitled court to fulfill the purposes of the Stipulation and the Judgment and for the exercise of the powers of interpreting and enforcing the terms of this Stipulation and the Judgment.

10. Except as otherwise expressly provided herein, upon execution of this Stipulation, and the filing of the Notice of Settlement each party, for itself and its respective agents, employees, officers, directors, shareholders, partners, attorneys, accountants, heirs, successors and assigns absolutely, irrevocably, unconditionally and forever release and discharge each of the other parties from any and all claims, debts, liabilities, demands, obligations, costs, expenses, actions and causes of action, both real and/or purported of every nature, character and description known or unknown, which such party now holds, or has at any time heretofore owned or held against the other(s) arising from or relating to, arising out of or connected with the Complaint in this action or the subject matter thereof.

11. The parties hereto agree to execute all documents and to perform all acts necessary to carry out the terms of the Stipulation and the Judgment. The parties hereto acknowledge that they

have been represented by counsel and advised as to the effect and content of this Stipulation and the Judgment.

12. Each party shall bear its own attorney's fees and costs. This Stipulation represents a compromise of claims which are disputed and contested. This Stipulation shall in no way be deemed or construed to be an admission of the allegations in the Complaint or any liability thereon.

13. This Stipulation may be amended only by a writing signed by all the parties hereto which specifically states that it is an amendment to this Stipulation. In the event that such a written amendment is entered into, such written amendment shall modify only the provisions of the Stipulation specifically modified by the amendment, and shall be deemed to incorporate by reference, unchanged, all remaining provisions of the Stipulation.

14. This Stipulation (after full execution) memorializes and constitutes the entire agreement and understanding between the parties, and supersedes all prior or contemporaneous negotiations, proposed agreements and agreements, whether written or unwritten. Each of the parties to this Stipulation acknowledges that no other party, nor any agent or attorney of any other party, has made a promise, representation, inducement or warranty whatsoever, express or implied, which is not expressly contained in this Stipulation; and each party further acknowledges that such party has not executed this Stipulation in reliance upon any collateral promise, representation, inducement or warranty or any reliance upon any belief as to any fact, representation, warranty, agreement or understanding not expressly set forth in this Stipulation.

15. Each party represents and warrants to the others that, except for this action, they have not filed any action, complaint or petition against the other that is currently pending; that any action that may have been filed is not presently pending; and, that no other action will be filed in connection with the matters that are the subject of or form the basis of the Complaint.

16. This Stipulation is made and entered into in the State of California and shall, in all respects be, interpreted, enforced and governed by and under the laws of the State of California. (Concluded and signed on next page 5)

17. This Stipulation may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument and a facsimile copy may be used as an original. .

| | |
|---|---|
| Dated: _____ | FREEPLAY MUSIC CORP., a New York corporation,<br><br>By: _____ |
| Dated: _____ | PICK & BOYDSTON, LLP<br><br>By: ERIK S. SYVERSON |
| Dated: 11/19/07 | X-CAST ENTERTAINMENT, INC., a corporation,<br><br>*/s/ Robert B. Goodman* 11/19/07<br>By: ROBERT B. GOODMAN |
| Dated: 11/19/07 | X-CAST ENTERTAINMENT, N.V., a foreign entity,<br><br>*/s/ Robert B. Goodman*<br>By: ROBERT B. GOODMAN |
| Dated: 11-20-07 | */s/ Lee A. Garry*<br>LEE A. GARRY, Attorney for X-CAST ENTERTAINMENT, INC. and X-CAST ENTERTAINMENT, N.V. |

**ORDER**

IT IS SO ORDERED.

Dated: _____

_____
JUDGE OF THE
UNITED STATES DISTRICT COURT

5

**Stipulation for Judgment**

17. This Stipulation may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument and a facsimile copy may be used as an original.

Dated: 7/15/07

FREEPLAY MUSIC CORP.,
a New York corporation,

By: _____

Dated: 11-26-07

PICK & BOYDSTON, LLP

By: ERIK S. SYVERSON

Dated: _____

X-CAST ENTERTAINMENT, INC.,
a corporation,

By:

Dated: _____

X-CAST ENTERTAINMENT, N.V.,
a foreign entity,

By:

Dated: _____

LEE A. GARRY, Attorney for
X-CAST ENTERTAINMENT, INC. and
X-CAST ENTERTAINMENT, N.V.

## ORDER

IT IS SO ORDERED.

7

**Stipulation for Judgment**